[Cite as *State v. Delbrugge*, 2011-Ohio-4435.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | : |
| | : |
| Plaintiff-Appellee | : |
| | : |
| -vs- | : |
| | : |
| JACKIE L. DELBRUGGE | : |
| | : |
| Defendant-Appellant | : |

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. Sheila G. Farmer, J.
Hon. Julie A. Edwards, J.

Case No. 11CA000001


O P I N I O N


CHARACTER OF PROCEEDING:     Appeal from the Cambridge Municipal
                             Court, Case No. 10TRC05980


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      September 1, 2011


APPEARANCES:

For Plaintiff-Appellee

WILLIAM H. FERGUSON
150 Highland Avenue
Suite 2
Cambridge, OH  43725

For Defendant-Appellant

RONALD C. COUCH
121 West Eighth Street
Cambridge, OH  43725

*Farmer, J.*

{¶1}   On September 19, 2010, appellant, Jackie Delbrugge, was charged with one count of operating a motor vehicle while under the influence in violation of R.C. 4511.19 and one count of failure to control in violation of R.C. 4511.202.

{¶2}   A trial before a magistrate on the OVI charge was held on December 21, 2010.  By decision filed same date, the magistrate found appellant guilty and recommended a sentence of 60 days in jail with 47 days suspended.  On same date, the trial court approved and adopted the magistrate's decision.  In a separate judgment entry, the trial court found appellant guilty of the failure to control count on appellant's no contest plea.  Appellant filed objections on January 14, 2011, along with a notice of appeal.  The trial court never ruled on the objections.

{¶3}   This matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}   "THE DECISION WAS AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE."

I

{¶5}   Appellant claims her conviction for operating a motor vehicle while under the influence was against the sufficiency and manifest weight of the evidence.  We disagree.

{¶6} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶7} Appellant was convicted of operating a motor vehicle while under the influence in violation of R.C. 4511.19(A)(1)(a) which states the following:

{¶8} "(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:

{¶9} "(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."

{¶10} We note the magistrate's handwritten findings that were approved and adopted by the trial court were not reduced to a typed version pursuant to Loc.R. 9(B)(1) of the Fifth District Court of Appeals. The magistrate's December 21, 2010

findings are barely legible. In addition, appellant filed objections to the magistrate's decision on January 14, 2011 in violation of Crim.R. 19(D)(3)(b)(i):

{¶11} "(b) *Objections to magistrate's decision.*

{¶12} "(i) *Time for filing.* A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Crim. R. 19(D)(4)(e)(i).***"

{¶13} The objections sub judice were filed beyond the fourteen day mandate of Crim.R. 19, and were filed contemporaneously with a notice of appeal. The trial court never ruled on the objections, and a transcript relative to the objections was never filed as required by Crim.R. 19(D)(3)(b)(iii):

{¶14} "(iii) *Objection to magistrate's factual finding; transcript or affidavit.* An objection to a factual finding, whether or not specifically designated as a finding of fact under Crim. R. 19(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections."

{¶15} Accordingly, we find the issues presented as to the sufficiency and manifest weight of the evidence have not been preserved for appeal.

**{¶16}** The sole assignment of error is denied.

{¶17} The judgment of the Cambridge Municipal Court of Guernsey County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Edwards, J. concur.


s / Sheila G. Farmer_____


_s / W. Scott Gwin_____


_s / Julie A. Edwards_____

JUDGES

SGF/808IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT


STATE OF OHIO                              :
                                           :
    Plaintiff-Appellee                 :
                                           :
-vs-                                       :          JUDGMENT ENTRY
                                           :
JACKIE L. DELBRUGGE                        :
                                           :
    Defendant-Appellant                :          CASE NO. 11CA000001

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Cambridge Municipal Court of Guernsey County, Ohio is affirmed. Costs to appellant.


s / Sheila G. Farmer_____


s / W. Scott Gwin_____


s / Julie A. Edwards_____

JUDGES